

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSS E. ELKINS | * | CIVIL ACTION NO. _____ |
| PLAINTIFF | * | **08-1301** |
| VS. | * | |
| PARK PLACE APARTMENTS LIMITED PARTNERSHIP AND SUZETTE GIROUARD | * | **SECT. D MAG 5** |
| DEFENDANTS | * | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ross E. Elkins on his own behalf, complains as follows against defendants Park Place Apartments Limited Partnership and Suzette Girouard.

### I. INTRODUCTION

1. The Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as the "Act"). Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

### II. PARTIES

2. Plaintiff, Ross E. Elkins ("Mr. Elkins" or "plaintiff"), is a natural person who resides in Tangipahoa parish.

1

Fee $350.
✓ Process _____
x Dktd _____
___ CtRmDep _____
___ Doc. No. _____

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c) of the Act.

4. Defendant, Park Place Apartments Limited Partnership (hereinafter referred to as "Park Place" or "defendant"), is a foreign limited partnership authorized to do and doing business in the state of Louisiana, whose registered agent in the state of Louisiana is The Prentice Hall Corporation System, 320 Somerulos Street, Baton Rouge, LA 70802.

5. Defendant, Suzette Girouard a/k/a Suzette Arceneaux (hereinafter referred to as "Girouard"), is an individual who at all times relevant hereto was employed by co-defendant Park Place, and resided in the state of Louisiana.

### III. FACTUAL ALLEGATIONS

6. In February 2008, Plaintiff Ross E. Elkins discovered that his consumer report was accessed by defendants Park Place and Girouard ("defendants") on January 24, 2006 from Experian Information Solutions, Inc. ("Experian"), a consumer reporting agency.

7. On or about January 22, 2006, Ross E. Elkins met with Girouard at her place of employment, Park Place, regarding her allegations that he may be the father of her child.

8. On January 24, 2006, defendants pulled or obtained Mr. Elkins' consumer report from Experian.

9. Thereafter defendant Girouard began a campaign against Mr. Elkins and his wife attempting to break up their marriage.

10. Mr. And Mrs. Elkins then began investigating the paternity of the child Girouard claimed to be Mr. Elkins, and discovered that many years prior to 2006, that another man had already been determined to be the biological father through DNA testing, of which Girouard was well aware since she had participated in the testing. Girouard had also surrendered her parental rights to this

2

child many years ago.

11.   Defendants did not have a permissible purpose for obtaining or pulling Mr. Elkins' consumer report.

12.   Defendant Girouard was authorized by Defendant Park Place to access or pull consumer reports on individuals at the time of this access.

13.   Defendant Park Place knew or should have known about the need to have safeguards and controls over employees who have access to personal data because of the known and well publicized risks of rogue employees going on personal agendas.

14.   Defendant Park Place took inadequate or no precautions to guard against these well known risks.

15.   Defendants negligently and/or willfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's consumer report under false pretenses.

## COUNT I - FAIR CREDIT REPORTING ACT VIOLATIONS

16.   Plaintiff incorporates ¶¶ 1-15 above.

17.   In the entire course of its actions, defendants Park Place and Girouard willfully and/or negligently violated the provisions of the Act in the following respects:

   a.   By willfully and/or negligently obtaining Plaintiff's credit report without a permissible purpose and by incorrect certification, in violation of § 1681b of the Act.

18.   As a direct and proximate result of the foregoing acts and omissions of Park Place and Girouard, Mr. Elkins has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which he should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Park Place Apartments Limited Partnership and Suzette Girouard for:

(a) the greater of actual damages or statutory damages from each defendant as to Count I;

(b) punitive damages from each defendant as to Count I;

(c) attorney's fees pursuant from each defendant to 15 U.S.C. § 1681n and/or § 1681o as to Count I;

(d) costs from each defendant; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

BY ATTORNEY:

*[signature]*

**GARTH J. RIDGE**
Bar Roll Number 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
Email Address: garthridge@aol.com